UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY THIRY,

    Plaintiff,

v.

BOARD OF REGENTS OF THE
UNIVERSITY OF MICHIGAN, et al.,

    Defendants.

Civil Case No. 22-cv-11167

HON. MARK A. GOLDSMITH

_____/

**OPINION & ORDER
GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION (Dkt. 30) OF THE
OPINION AND ORDER (Dkt. 29) GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 24)**

Plaintiff Timothy Thiry brought this case against Defendants the Board of Regents of the University of Michigan and three of its employees, alleging discrimination and retaliation under Section 504 of the Rehabilitation Act and unlawful restrictions of protected activity and retaliation under the First Amendment. Compl. (Dkt. 1). Defendants filed a motion for summary judgment (Dkt. 24), which the Court granted in part and denied in part in its September 27, 2024 opinion and order (Dkt. 29). Defendants have filed a motion for partial reconsideration of that opinion and order (Dkt. 30).[1] Defendants bring their motion for partial reconsideration pursuant to Local Rule 7.1(h)(2)(A), which allows for reconsideration where "[t]he court made a mistake, correcting the

---

[1] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Thiry's response (Dkt. 34) and Defendants' reply (Dkt. 35).

mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." See Mot. for Reconsideration at 2.

In its opinion granting in part and denying in part Defendants' motion for summary judgment, in addressing the claims brought under 42 U.S.C. § 1983, the Court granted summary judgment in favor of the Board of Regents as to Thiry's claims for money damages. However, it, denied summary judgment as to Thiry's claims for declaratory and injunctive relief against all Defendants on the ground that "official-capacity claims are not barred by the Eleventh Amendment where a plaintiff seeks only prospective equitable relief." 9/27/2024 Op. & Order at 8–9. Defendants seek reconsideration of the Court's decision that allowed Thiry's § 1983 claims for declaratory and injunctive relief to proceed against the Board of Regents. See Br. Supp. Mot. for Reconsideration at 1–4. For the reasons that follow, the Court grants the motion.

The Board of Regents had sought summary judgment on Thiry's claims brought under § 1983 on the basis that the board is not a "person" subject to suit under § 1983. Section 1983 provides: "Every **person** who, under color of any statute…subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." (emphasis added). As set forth in Defendants' motion for summary judgment, the University of Michigan is a constitutionally-created state institution of higher education. Michigan Constitution, Article VIII, §§ 4 and 5. Br. Supp. Mot. for Summ. J. at 18–19. As such, the University and its governing Board of Regents are constitutionally-created instrumentalities of the State of Michigan, and are not "persons" for purposes of Section 1983. The Board of Regents is a body corporate. Article VIII, § ("The regents of the University of Michigan and their successors in office shall constitute a body corporate known as the Board of Regents of the University of Michigan.").

2

In Will v. Michigan Department of State Police, 491 U.S. at 64 (1989), the Supreme Court found that a state is not a person within the meaning of §1983. As an instrumentality of the State, a public university, such as the University of Michigan, is not a "person" under §1983. As noted in the Court's opinion on Defendants' motion for summary judgment, Thiry conceded that the Board of Regents is not a person under §1983. 9/27/24 Op. & Order at 7. In his response to the motion for reconsideration, Thiry referred to Article VIII, §5 of the Michigan Constitution, to the effect that the Board of Regents is a body corporate. Resp. to Mot. for Reconsideration at 2. While the members of the Board of Regents may be publicly elected, they are elected to serve on a board, and Thiry sued the Board of Regents as a board. The Regents were not sued individually, nor are individual Board members named as parties in this case. In the complaint, Thiry alleges that "Defendant, University of Michigan, is a State of Michigan public university located in Ann Arbor, Washtenaw County, Michigan, and the Board of Regents is its governing body (hereinafter 'the UM')". Compl. ¶ 4. In other words, Thiry acknowledged that the University and the Board of Regents are synonymous. As Thiry conceded in his response to the motion for summary judgment, and as this Court noted in its opinion, the Board of Regents is not a "person" under Section 1983.

The Board of Regents is not a person for any purpose under § 1983, either monetary or declaratory and injunctive relief. See Underfer v. University of Toledo, 36 F. App'x. 831, 834 (6th Cir. 2002) ("[T]his Court has held that public-funded universities are not considered 'persons' under Section 1983 and are immune from actions under this Section."). Because the Board of Regents may not be sued for any type of relief under § 1983, the Eleventh Amendment—and its allowance for declaratory or equitable relief against state actors—are irrelevant. For that reason,

the Court agrees that its finding that Thiry's § 1983 claims for injunctive and declaratory relief should be allowed to proceed as to the Board of Regents was in error.

The Court, therefore, grants Defendants' motion for partial reconsideration (Dkt. 30) and grants summary judgment in favor of the Board of Regents on Thiry's claims for declaratory and injunctive relief under § 1983.

SO ORDERED.

Dated: February 20, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge